IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD EDWARD WRIGHT JR., | ) | |
| Plaintiff(s), | ) ) | No. C 09-2204 CRB (PR) |
| v. | ) ) | ORDER OF SERVICE |
| UNITED STATES DEP'T OF JUSTICE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES | ) ) ) ) | |
| Defendant(s). | ) ) ) | |

Plaintiff, a prisoner at the Sierra Conservation Center in Jamestown, California, has filed a pro se action under the Freedom of Information Act , 5 U.S.C. § 552 ("FOIA"), seeking agency records from the United States Department of Justice's Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") relating to the "firing pin" design of the SWD, Inc. model M11, nine millimeter machine gun. Plaintiff alleges that his FOIA request was improperly denied by ATF and that his appeal to the Office of Information and Privacy ("OIP") has gone unanswered since August 10, 2008.

FOIA obligates the government to produce documents within its possession or control. Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150-51 (1980). An agency may withhold a requested document only if it falls within one of several statutory exemptions to the disclosure requirement. Dobronski v. FCC, 17 F.3d 275, 277 (9th Cir. 1994) (citing 5 U.S.C. § 552(b)). The burden is on the agency to prove that a particular document falls within one of the exemptions. Id. If the agency claims that it does not possess or control a requested document, it must show it fully discharged its statutory obligations by conducting a search reasonably calculated to uncover all relevant documents. See Urban v. United States, 72 F.3d 94, 95 (8th Cir. 1995); Weisberg v. United States Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983).

Liberally construed, plaintiff's allegations appear to state a minimally cognizable FOIA claim and should proceed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (pro se pleadings must be liberally construed). Good cause appearing therefor,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order upon ATF. The clerk also shall send a copy of the summons and complaint to defendant's counsel, the United States Attorney for the Northern District of California, and to the Attorney General of the United States in Washington, D.C. The clerk also shall send a copy of this order to plaintiff.

2. In order to expedite this matter, the court orders as follows:

    a. No later than 90 days from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion. A motion

for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, it shall so inform the court prior to the date its motion is due.  All papers filed with the court shall be served promptly on plaintiff.

        b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendant no later than 30 days after defendant serves plaintiff with the motion.

        c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>,

1    154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

2              Plaintiff is also advised that a motion to dismiss for failure to exhaust
3    administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
4    case, albeit without prejudice.  You must "develop a record" and present it in
5    your opposition in order to dispute any "factual record" presented by the
6    defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120
7    n.14 (9th Cir. 2003).

8              d.    Defendant shall file a reply brief within 15 days of the date
9    on which plaintiff serves it with the opposition.

10             e.    The motion shall be deemed submitted as of the date the
11   reply brief is due.  No hearing will be held on the motion unless the court so
12   orders at a later date.

13         3.    Discovery may be taken in accordance with the Federal Rules of
14   Civil Procedure.  No further court order is required to conduct discovery.

15         4.    All communications by plaintiff with the court must be served on
16   defendant's counsel by mailing a true copy of the document to defendant's
17   counsel.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep
18   the court and all parties informed of any change of address and must comply with
19   the court's orders in a timely fashion.  Failure to do so may result in the dismissal
20   of this action under Federal Rule of Civil Procedure 41(b).

21   SO ORDERED.

22   DATED:  August 21, 2009                    _____
                                                CHARLES R. BREYER
23                                              United States District Judge

G:\PRO-SE\CRB\OTHER.09\Wright, R1.serve.wpd

28                                    4