IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD EDWARD WRIGHT JR,

    Plaintiff,

v.

BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, et al.,

    Defendants.

No. C 09-2204 CRB

**ORDER**

Pro se Plaintiff Richard Wright seeks an order compelling Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to turn over certain documents pursuant to the Freedom of Information Act ("FOIA"). ATF moves for summary judgment, arguing that it has already satisfied its statutory obligations. ATF produced one document in response to Plaintiff's request, but Plaintiff maintains that its search was inadequate.

Plaintiff's grounds for this belief are purely speculative, and are therefore insufficient to overcome the evidence that ATF conducted a diligent search, reasonably calculated to lead to responsive documents. Because ATF's search was reasonable, and Plaintiff presents no evidence to the contrary, Defendant's motion for summary judgment is GRANTED.

**BACKGROUND**

Plaintiff is a prisoner in California state prison. On May 19, 2009, he filed pro se

complaint in this Court against ATF arising out of his earlier FOIA request, which had sought production of documents pertaining to the firing pin of a particular weapon. That weapon had been manufactured by a single company approximately twenty-five years ago. See Graham Decl. ¶¶ 2-3, Ex. A. According to ATF, its Disclosure Division determined that any responsive records would be contained in ATF's "Technical and Scientific Services Record System." Graham Decl. ¶ 16. ATF therefore referred Plaintiff's request to ATF's Office of Enforcement Programs and Services, Firearms Technology Branch ("FTB"). Id. Upon its receipt of Plaintiff's request, FTB conducted a search of what it determined to be the relevant database. Id. ¶ 6.

The search retrieved only one relevant document. While ATF originally determined that this document was exempt from FOIA's disclosure obligations, after Plaintiff filed his administrative appeal ATF chose to disclose the document with certain exempt information redacted. Id. ¶ 8, ex. F.

While Plaintiff does not object to the redaction of the document, he argues that there must be more documents in ATF's possession. In particular, he argues that he "has acquired verifiable proof, that the ATF stores 'records' of [firing pin] imprints in one major database that is interconnected with several other databases on the national, state and local level, that is operated by the ATF. That database is known as the National Integrated Ballistic Information Network (NIBIN)." Opp. at 3. Plaintiff contends that ATF should have searched this database.

## DISCUSSION

Under FOIA, a district court may "enjoin [an] agency from withholding agency records and . . . order the production of any agency records improperly withheld." 5 U.S.C. § 522(a)(4)(B). Where the plaintiff asserts that the government agency has failed to disclose all relevant documents, Rule 56 requires the agency to submit an affidavit outlining the details of the search it conducted. Nation Magazine v. United States, 71 F.3d 885, 890 (D.C. Cir. 1995).

///

"To win summary judgment on the adequacy of a search, the agency must demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." Id. (quotation marks omitted). The agency is not required to search every record system, but rather to use "methods reasonably expected to produce the information requested." Oglesby v. Army, 920 F.2d 57, 68 (D.C. Cir. 1990). In judging the adequacy of a search, a court may rely on sufficiently detailed affidavits submitted by the agency. Zemansky v. E.P.A., 767 F.2d 569, 572 (9th Cir. 1985). Once a sufficiently detailed affidavit has been presented to a court, "the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations . . . ." Carney v. U.S. Dept. of Justice, 19 F.3d 807, 812 (2d Cir. 1994). However, "hypothetical assertions are insufficient to raise a material question of fact with respect to the adequacy of the agency's search." Oglesby, 920 F.2d at 67 n.13.

In this case, the Government has submitted sufficiently detailed affidavits. John R. Spencer, the Chief of the Firearms Technology Branch of the ATF, explains in his affidavit that his office maintains files that include "technical reference files covering technical aspects of firearms; lists of firearms manufacturers and importers; lists of firearms which have been tested for importation; an inventory of weapons parts, and correspondence and statement files." Green Decl., ex. 2 ¶ 5. In response to Plaintiff's request, his office "conducted a search of the MILVETS Technology Services document retrieval system for all responsive documents, " which contains "those documents which relate to firearm classifications, technical questions and responses, legal memos, reports of technical investigations, opinion papers, technical files, correspondence, and firearm industry brochures." Id. ¶ 6. Spencer further avers that this search produced only one responsive document, which was ultimately turned over to plaintiff.

Plaintiff, however, argues that the Government should have conducted a different search. He claims that he "has acquired verifiable proof, that the ATF stores 'records' of [firing pin] [sic] imprints in one major database that is interconnected with several other databases on the national, state and local level, that is operated by the ATF. That database is

known as the **NATIONAL INTEGRATED BALLISTIC INFORMATION NETWORK (NIBIN).**" Opp. at 3. Plaintiff claims that it was unreasonable for the ATF not to search this database.

However, Plaintiff has failed to submit evidence to support the conclusion that this database contains the information he seeks. For instance, Plaintiff cites to a series of cases in which a court relied in part, or at least mentioned, some technical aspect of a firearm related to the subject of his request. See Opp. at 4-5. None of these cases, however, suggests that the database identified by Plaintiff contains information regarding the firing pin of the weapon in question. Indeed, none of these cases mentions anything related to the weapon's firing pin. Similarly, Plaintiff's reference to "hypothetical scenarios" provides no evidentiary support for his conclusion that the NIBIN database contains the information he seeks. Indeed, it is unclear how Plaintiff believes inclusion of these "scenarios" aids his case.

Ultimately, Plaintiff's objection to ATF's search is founded solely on his speculation as to what ATF "must" have. However, agency affidavits reflecting a reasonable and thorough search "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." SafeCard Servs., Inc. v. S.E.C., 926 F.2d 1197, 1200 (D.C. Cir. 1991).

## CONCLUSION

For the reasons above, the Defendants' motion for summary judgment is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: February 18, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE